UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEATHER GREEN,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC ET AL.,

    Defendants.
_____/

Case No. 23-cv-13055

Hon. Sean F. Cox
United States District Court Judge

**OPINION & ORDER**
**DENYING DEFENDANT ARBOR BANKCORP, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS OR SUMMARY JUDGMENT (ECF No. 41) AND <u>DISMISSING PLAINTIFF'S CLAIMS AGAINST IT WITHOUT PREJUDICE</u>**

Plaintiff Heather Green brings a federal claim against Defendant Arbor Bancorp, Inc. ("Arbor"), and Arbor now moves for summary judgment. Arbor argues that Green lacks Article III standing, and the Court agrees. But if Green lacks standing, then the Court cannot issue judgment for Arbor. The Court accordingly shall deny Arbor's motion and dismiss Green's claims against it without prejudice.

**BACKGROUND**

Green seeks damages from Arbor under the Fair Credit Reporting Act ("FCRA"),[1] which permits individuals to challenge information in their consumer credit reports by filing a dispute with the consumer reporting agency ("CRA") that created the report. *See* 15 U.S.C. § 1681i(a)(1). The Act also requires CRAs to timely "provide notification of the dispute to any person who provided any item of information in dispute." § 1681i(a)(2)(A). Upon receiving

---

[1] Green also named Equifax Information Services, LLC and Experian Information Solutions, Inc. as defendants, but she has since dropped her claims against them.

1

such notice from a CRA, the person who provided the disputed information must "investigat[e]" and "modify," "delete," or "permanently block the reporting of" any information that is "inaccurate or incomplete or cannot be verified." § 1681s-2(b)(1).  And such investigations must generally be completed within thirty days.  *See* § 1681s-2(b)(2).  The FCRA additionally confers a cause of action for damages against persons that violate these obligations, §§ 1681n, 1681o, and Green invokes that cause of action here against Arbor.

Green pled the following facts.  She obtained a car note from Arbor in 2018 that was later discharged in May 2023 bankruptcy proceedings.  But in July 2023, Arbor told two CRAs that Green was still liable on that note.  Green filed disputes with those CRAs in August 2023, but the note was still on her credit reports as recently as October 2023.  Entities such as Capital One accessed Green's credit reports that same month, and Capital One denied her application for a credit card.  This left Green humiliated, embarrassed, and without access to credit from Capital One and other lenders.

Discovery subsequently revealed a letter dated October 19, 2023, from Capital One to Green.  The letter states, "Thank you for applying for a credit card issued by Capital One®.  Unfortunately, after reviewing your application, we cannot approve your request at this time."  (ECF No. 41-7, PageID.399).  The letter concludes, "The reason(s) for our decision are: Based on your application information, there are too many delinquent past or present Capital One credit obligation(s)."  (*Id.*).

Discovery closed in August 2023, and Arbor now moves for summary judgment.

## STANDARD OF REVIEW

Arbor argues that it is entitled to summary judgment because Green lacks Article III standing.  "[B]ut Article III standing is jurisdictional, and a federal court lacking subject-matter jurisdiction is powerless to render a judgment on the merits."  *Thompson v. Love's Travel Stops*

& *Country Stores, Inc.*, 748 Fed. App'x 6, 11 (6th Cir. 2018). The Court accordingly cannot grant summary judgment for Arbor unless Green has standing. *See, e.g.*, *Ward v. Nat'l Patient Acct. Servs. Solutions, Inc.*, 9 F.4th 357, 363 (6th Cir. 2021) (reversing grant of summary judgment for lack of standing and remanding "with instructions that [the action] be dismissed for lack of jurisdiction").

The upshot is that courts review standing challenges "in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). And at the summary judgment stage, "the plaintiff can no longer rest on . . . 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' which for purposes of the summary judgment motion will be taken to be true."[2] *Id.* (quoting Fed. R. Civ. P. 56(e), 28 U.S.C. app. (1988) (amended 2007)).

## ANALYSIS

Arbor argues that Green lacks Article III standing. Courts cannot adjudicate actions that do not qualify as "Cases" or "Controversies" under Article III of the U.S. Constitution, and "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560. Standing requires, among other things, an "injury in fact" that is "fairly . . . trace[able] to the challenged action of the defendant." *Id.* (alterations in original) (first quoting *Allen v. Wright*, 468 U.S. 737, 756 (1984), and then quoting

---

[2] The only source of doubt regarding the proper standard of review is the fact that Arbor argues in the alternative that it is entitled to judgment on the pleadings. But Arbor does not raise its jurisdictional challenge under Federal Rule of Civil Procedure 12(c); Arbor only challenges Green's Article III standing under the rubric of summary judgment. Stated differently, Arbor does not challenge whether Green *pleads* standing; Arbor argues only that she cannot *prove* standing. Federal Rule of Civil Procedure 56 therefore provides the proper framework for resolving Arbor's standing challenge.

*Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41 (1976)). Where, as here, Congress has conferred a statutory cause of action, "[o]nly those plaintiffs who have been concretely harmed *by a defendant's statutory violation* may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (original emphasis altered).

Arbor argues that the only item of evidence in the record showing that Green suffered an injury in fact is the October 2023 Capital One letter denying her credit card application, and that this letter does not show that Green's injury is fairly attributable to Arbor's alleged FCRA violation. Indeed, the October 2023 letter shows only that Capital One denied Green's credit card application because she already owed too much money to Capital One; the letter does not show that Capital One even accessed Green's credit reports, much less denied her credit-card application due to Arbor's FCRA violation. Because Green lacks Article III standing unless her injuries are fairly attributable to Arbor's FCRA violation, she must come forward with evidence showing as much.

But Green does not come forward with any evidence of her standing. Instead, Green responds that she pled facts which, if true, would show that she has standing. Green may be right, but it does matter. "[W]hen a plaintiff is put to his proof by a Rule 56 motion for summary judgment, allegations alone are not enough." *Sault St. Marie Tribe of Chippewa Indians v. United States*, 288 F.3d 910, 916 n.6 (6th Cir. 2002) (citation omitted). Because Green does not set forth specific facts by affidavit or other evidence showing that her alleged injuries are fairly traceable to Arbor's FCRA violation, she lacks Article III standing.[3]

---

[3] Green disagrees and points to *Bach v. First Union National Bank*, 149 F. App'x 354 (6th Cir. 2005). There, an FCRA defendant argued that the plaintiff had not proven damages at trial and moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(b). The district court denied the defendant's motion and the Sixth Circuit affirmed. But *Bach* does not help

4

**CONCLUSION & ORDER**

Green fails to come forward with evidence showing that she has Article III standing in response to Arbor's summary-judgment motion.  Accordingly, **IT IS ORDERED** that Arbor's motion is **DENIED** pursuant to Local Rule 7.1(f)(2) and Green's claims against Arbor are **DISMISSED without prejudice**.

    **IT IS SO ORDERED.**

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated:  March 24, 2025

---

Green because that case did not involve a Rule 56 standing challenge; the district court only considered whether the plaintiff had proven damages at trial.